UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND; and
BUILDING SERVICE 32BJ LEGAL SERVICES FUND           **COMPLAINT**

                               Plaintiffs,                        16 Civ.

   -against-

ELITE COMMERCIAL CLEANING, INC.

                               Defendant.
-------------------------------------------------------------------X

         Plaintiffs, Building Service 32BJ Health Fund and Building Service 32BJ Legal Services Fund ("Funds"), by their attorneys Raab, Sturm & Ganchrow, LLP, as and for their Complaint against Elite Commercial Cleaning, Inc. (Defendant"), respectfully allege as follows:

## NATURE OF ACTION

         1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund and a supplemental retirement benefits fund, for monetary and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and reports to the Funds. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendant violated its collective bargaining agreements, and the respective trust agreements of the Funds, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c) 28 U.S.C. Section 1331 (federal question); and

    (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on defendant in any other district in which they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Local 32BJ Service Employees International Union, ("Union"), to invest and maintain those monies, and to distribute health insurance and retirement benefits to those employees

eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, NY 10011,, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Defendant was and continues to be a for-profit domestic corporation doing business in the State of Delaware as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant is party to a series of collective bargaining agreements (hereinafter the "Agreements") with the Union wherein, *inter alia*, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Defendant's employees within the units set forth in the Agreements with the Union.

## AS AND FOR A FIRST CLAIM FOR RELIEF

7. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 6 of this complaint, as if fully set forth herein.

8. Pursuant to the Agreements, there became due and owing to the Funds from Defendant the estimated amount of $104,404.00 in unpaid benefit contributions for the reporting period beginning November, 2012 through March, 2016.

9. To date, none of the contributions contractually due to the Funds have been paid by the Defendant, although all contributions have been duly demanded and the Funds have been damaged in the amount of $104,404.00.

10. The failure, refusal or neglect of Defendant to make the required contributions to plaintiff Funds constitutes a violation of the Agreements between Defendant and the Union with respect to which plaintiffs Funds are third-party beneficiaries.

11. Accordingly, Defendant is liable to the Funds for benefit contributions in the amount due for the period set forth above..

### AS AND FOR A SECOND CLAIM FOR RELIEF

12. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 11 of this Complaint, as if fully set forth herein.

13. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

14. Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or submit the required monetary contributions and accurate reports to plaintiffs Funds when due. Such failure to make payment or timely payment and/or submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

15. Section 502 of ERISA (29 U.S.C. § 11132) provides that, upon a finding of an employee violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff Funds, the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiffs Funds' plan or, if none, as set

forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

16. Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF

17. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 16 of this Complaint as if fully sat forth herein.

18. Pursuant to the terms and conditions of the Agreements, Defendant is required to timely pay and submit benefit contributions and reports to the Funds for so long as Defendant remains obligated to do so.

19. Defendant has failed to pay and/or submit benefit contributions and accurate reports to the Funds and are currently in breach of their obligations under the Agreements. Further, Defendant's failure to submit full contributions and accurate reports has occurred with regularity over the course of more than three years. Defendant's prior conduct demonstrates a significant likelihood that they will continue to breach the terms of the Agreements.

20. The Funds have no adequate remedy at law to insure that Defendant will adhere to the terms of the Agreements.

21. As a result of Defendant's omissions and breaches of contract and violations of federal law, the Funds may be required to a.) deny employee beneficiaries, for whom

contributions have not been made, the benefits provided under the benefit plans, thereby causing substantial and irreparable harm to said employee beneficiaries, or b.) to provide said beneficiaries the benefits, notwithstanding Defendant's failure to pay for said benefits, thereby reducing the corpus of the Funds and endangering the rights of all employee beneficiaries under the benefit plans, to their substantial and irreparable injury.

22. The Funds will suffer immediate and irreparable harm unless Defendant, its officers, agents, servants, and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds.

23. Accordingly, the Funds request that this Court issue an injunction preliminarily and permanently enjoining Defendant, its officers, agents, servants and employees and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and reports to the Funds.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

24. The Funds repeat and re-allege each and every allegation contained in paragraphs 1 through 23 of this Complaint as if fully set forth herein

25. Pursuant to the provisions of ERISA and the Agreements, Defendant is required to timely pay and submit benefit contributions and reports to the Funds.

26. Defendant has failed to timely pay and/or submit contributions and reports to the Funds and are currently in breach of their statutory obligations under ERISA. Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned statutory obligations.

27. The Funds have no adequate remedy at law to insure the Defendant will continue to adhere to its statutory obligations.

28. As a result of Defendant's omissions and breaches of contract, the Funds may be required to a.) deny employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plans, thereby causing substantial and irreparable harm to said employee beneficiaries, or to b.) provide said beneficiaries the benefits provided under the plans notwithstanding Defendant's failure to pay for said benefits, thereby reducing the corpus of the Funds and endangering the rights of all the employee beneficiaries covered by the plans, to their substantial and irreparable injury.

29. The Funds will suffer immediate and irreparable harm unless Defendant, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds.

30. Accordingly, the Funds request this Court issue an injunction preliminarily andpermanently enjoining Defendant, its officers, agents, servants and employees and all persons inactive concert or participation with them who receive actual notice of this Order by personal service or otherwise from violating ERISA by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Funds.

**WHEREFORE,** plaintiff Funds demand judgment:

a. against Defendant for payment of all past due contributions in the estimated amount of $104,404.00 for the period beginning with November, 2012 through March, 2016;

b. against Defendant for accrued prejudgment interest, liquidated damages, and reasonable attorneys' fees and costs on all contributions in accordance with ERISA § 502 (g)(2);

  c. against Defendant for payment of all contributions which accrue during the pendency of this action, with accrued interest, liquidated damages and reasonable attorneys' fees and costs thereon, in accordance with ERISA § 502(g)(2);

  d. for an Order permanently enjoining Defendant, its officers, agents, servants and employees and all persons in active concert and participation with them who receive actual notice of the Order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, in accordance with the applicable Agreements;

  e. for an Order permanently enjoining Defendant, its officers, agents, servants and employees and all persons in active concert and participation with them who receive actual notice of the Order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, in accordance with ERISA and the applicable Agreements.

  f. for such other and further relief as the Court deems just and proper.

Dated: New York, New York
    May 9, 2016

            RAAB, STURM & GANCHROW, LLP
            *Attorneys for Plaintiffs*

        By: _____
            Michael Geffner (MG 6785)
            1250 Broadway, 36th Floor
            New York, New York 10001
            Tel. (212) 683-6699
            mgeffner@rsgllp.com